E. T. MOCKRIDGE *v.* W. H. HOWERTON, Secretary of State.

Before the Act of January 21st, 1870, Bat. Rev. Chap. 41, Sec. 2, non-residents had no right to make entries of, or take out grants for, the vacant land of the State. Since the passage of that Act, a resident of another State coming into this State, with the intention of becoming a *bona fide* resident, and entered vacant land, was of right entitled to receive grants for the same: *Provided,* he moved and settled here within the time required to perfect his entries.

CIVIL ACTION, praying a *Mandamus* to the defendant, commanding him to issue certain grants, tried before his Honor, *Judge Watts,* at Chambers in the county of WAKE, on the 15th day of January, 1875.

His Honor, at the hearing of this case, with the consent of the parties found the facts, substantially as stated in the opinion of the Chief Justice, and granted the prayer of the plaintiff, by ordering a *Mandamus* to issue to the Secretary of State, commanding him to issue grants upon the entries made by the plaintiff.

From this judgment, the defendant appealed.

*Hargrove, Attorney General* and *Smith & Strong,* for appellant.

*Battle & Son, Shipp & Bailey* and *Flemming,* contra.

PEARSON, C. J. The plaintiff, who was a resident of the State of Pennsylvania, in 1872, came to this State with the purpose of setting here, and made entries of the land in question; he never abandoned his purpose and in 1874, returned to this State with his family, in time to perfect his entries by surveys, and payment of the amount required by statute and taking out grants. The defendant refused to issue grants. We are of the opinion that the case of the plaintiff is covered by the letter and spirit of the act of 1869-'70. Bat. Rev. chap. 41, sec. 2*, and that it was the duty of the defendant, without any discretion on his part, to have issued the grants. Before the act referred to, it was the policy of the law not to allow any one who was a non-resident, to make entries of vacant land, and acquire title at the low prices fixed by statute. Non-residents had no right to make entries of, or to take out grants for, the vacant land of this State. But it was deemed wise in 1869-'70, for the purpose of encouraging persons to move and settle here, to relax the law, to the extent of allowing persons who intended to settle in this State and become resident citizens, to make entries of vacant land before they had actually removed and settled here and to take out grants, *provided* they did remove and settle here within the time necessary to perfect their entries. This the plaintiff has done according to the facts found, and he is entitled to grants, the purpose of the statute being to allow one who had made up his mind to become a resident citizen of this State, and had in pursuance of such intent made entries of vacant land reasonable time to go back to his former residence and make the necessary arrangements for

---

*NOTE.—The following is the act referred to:

SECTION 1: *The General Assembly, &c.,* "That all entries of land subject to entry by the laws of this State made or to be made, by or for any person or persons who have or may come into the State with the *bona fide* intent of becoming residents and citizens thereof, shall be deemed and taken to be as good and effectual to all intents and purposes as if such entries had been made by a citizen or citizens of the State: *Provided,* That such enterer or enterers shall comply with the laws of the State in relation to such entries.

SEC. 2. That this act shall take effect from and after its ratification.
*Ratified the 21st day of January, A. D.,* 1870."

removal.   Of this indulgence the plaintiff had a right to avail himself, and he is within reasonable time, to wit, the "two years" allowed for perfecting entries.

This construction of the act of 1869-'70 does not remove the barrier against non-residents, making entries and taking out grants for vacant lands except in respect to such non-residents, as at the time of making the entry intend to settle in this State and show *bona fides* by actually removing and settling here in time, to perfect their entry, thus taking a middle ground between the absolute prohibition under the old law and a qualified permission for non-residents, to make entries, to wit, a *bona fide* purpose to remove, carried out by an actual removal. If this is not a proper construction, the act has no meaning and has no legal effect, for if only *resident* citizens are allowed to make entries under the act of 1869-'70, it makes no change in the law at all.

No error.   Judgment below affirmed.   This will be certified.

PER CURIAM.                    Judgment affirmed.